

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,458-01

### EX PARTE DARREN D. LEWIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1431657-A IN THE 184TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance by fraud and was sentenced to five years' imprisonment. He did not appeal his conviction.

In a single ground, Applicant contends that his guilty plea was rendered involuntary because it was induced by false evidence presented by the State. According to Applicant, the District Attorney's Office informed him that "certain witnesses" in his case had "credibility issues." The trial court made findings of fact and conclusions of law and initially recommended that we grant

relief. On September 16, 2015, we remanded this application and directed the trial court to determine who these witnesses were, what their testimony would have been at trial, why their testimony would not have been credible, what evidence was not disclosed to Applicant, and why this evidence was material.

On remand, the record was developed, and the trial court made further findings of fact and conclusions of law and again recommended that we grant relief. We believe that the record is not adequate to resolve Applicant's claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

Applicant appears to be represented by counsel. If he is not and the trial court decides to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether the prescription form in Applicant's case was fraudulent. TEX. HEALTH & SAFETY CODE § 481.129(a)(5)(B); *see also Avery v. State*, 359 S.W.3d 230 (Tex. Crim. App. 2012). The trial court shall also make further findings and conclusions as to whether Applicant forged the signature on the prescription form or otherwise engaged in misrepresentation, fraud, deception, or subterfuge. TEX. HEALTH & SAFETY CODE § 481.129(a)(5)(A). The trial court shall make any other findings of fact

and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: December 9, 2015
Do not publish